THE STATE OF OHIO, APPELLEE, *v.*
NEWTON, APPELLANT.

(No. 8773 — Decided April 4, 1985.)

*Terry Lewis,* prosecuting attorney, for appellee.

*Kurt R. Portmann,* county public defender, and *Ronald R. Vigue,* for appellant.

McBRIDE, J. The issues in this case arise from the conviction of appellant, Dale Newton, by jury of vehicular homicide under R.C. 2903.07.

On the night of August 22, 1983, appellant operated his truck with three coils of steel weighing 47,695 pounds on a flatbed trailer westbound in the right lane on U.S. 70. When a car passed and pulled in front of him he took defensive action, swerved to the left into the median strip. When the trailer turned or tilted, the rear roll of steel left the truck and came to rest in the middle of the westbound lane. Truck number two struck the roll, went out of control, ruptured its fuel tank and pinned its two occupants in the cab. A third tractor-trailer carrying steel pipes skidded on the fuel, jackknifed and spilled its cargo on the highway. A fire erupted in the second truck, fed by cartons it was carrying, and its occupants perished despite efforts to extinguish the flames.

The state relied upon negligence of appellant in securing or failing to secure the steel coil to the flatbed trailer. Appellant testified that he had secured the roll with one steel cable looped twice and secured by end hooks attached to the stake-pockets at the side. The rolls rested on wooden pallets. At the last stop, appellant said the coils were secure. The highway was rough west of State Route 202 to the scene of the accident, just west of the Dayton Airport. The state introduced testimony of regulations of the Ohio PUCO requiring *each* coil of steel to be secured by three chains restricting forward, rearward and vertical motion.

Appellant has listed three assignments of error, the third broken into four arguments, as follows:

"1. The jury's verdict of guilty was erroneous because the condition of an accused's vehicle cannot, as a matter of law, provide the basis for a violation of R.C. 2903.07(A).

"2. The jury's verdict was unsupported because the state failed to prove, by the requisite degree, that the condition of the appellant's vehicle was in fact unsafe.

"3. A. The verdict in this case was erroneous because the state failed to prove that appellant was negligent, as a matter of law.

"B. The trial court erred in precluding evidence concerning the surrounding circumstances where, by law, such evidence must be considered in order to determine the existence of negligence.

"C. The trial court erred in allowing circumstantial evidence of a presumption of civil negligence to support a prosecution for vehicular homicide where such evidence is prejudicial and irrelevant to determining negligence under R.C. 2903.07(A).

"D. The jury's verdict was unsupported because the state failed to prove beyond a reasonable doubt that appellant was in fact negligent."

On the first assignment, appellant argues that R.C. 2903.07(A) does not include "condition of the vehicle," such as an unsafe load, as a basis for a criminal charge; that is, the negligence must be associated with the actual operation of the vehicle, presumably under the Uniform Traffic Code.

R.C. 2903.07(A) provides in part:

"No person, while operating or participating in the operation of a motor vehicle, * * * shall negligently cause the death of another."

Prior to the new Criminal Code, cases involving prosecutions for vehicular homicide had an underlying traffic offense as an element of the offense. However, the current section is an all-encompassing negligence prohibition with no particular reference to the traffic code or to traffic regulations. Indeed, there is no specific reference or limitation to the nature of the negligence other than that the act or omission must take place while operating one of the variety of vehicles described in the statute.

The expansion of criminal definitions into a compact Criminal Code is illustrated in this section. The language of R.C. 2903.07 is identical to the original proposed in March 1971 by the Technical Committee to R.C. 2903.06(A) except for the addition of motorcycle and snowmobile to the other means of transportation listed in the section. In presenting the proposed code the committee said:

"* * * Second, the offense is based on the negligence of the operator, rather than upon his violation of a rule governing the operation of the vehicle involved. Violation of a traffic law, for example, may or may not amount to negligence — if the law states a specific rule of conduct, its violation is negligence *per se*. On the other hand, a motor vehicle operator, engineer, boatman, or pilot may be negligent without violating the law." Proposed Ohio Criminal Code by the Ohio Legislative Service Commission, Final Report of the Technical Committee (March 1971) page 77.

The inclusion in the final version adopted by the legislature of all available means of transportation on water, land and air suggests how far appellant's argument is off target in relying upon a necessity for a violation of the rules of the road.

The essential elements of vehicular homicide under R.C. 2903.07, in addition to venue, are that the defendant, (1) while operating or participating in the operation of the designated vehicle, (2) was negligent, as more particularly defined in R.C. 2901.22(D), and (3) proximately caused the death of another by such negligence. An act or omission constituting a lack of the proper degree of care as to the condition of the vehicle or its contents constitutes a general negligence issue under the statute.

There is no merit to the first assignment of error.

The assertion in the second assignment of error that the verdict was not supported as to negligence in the tying down of the steel coil weighing nearly 16,000 pounds is also without merit.

The Ohio regulations for transporting steel coils require:

"(2) Coils with Eye Vertical.

"(a) Except as provided in (b) and (c) below, *each* coil loaded with its eye vertical shall be secured as follows:

"(i) One chain against the coil restricting it against forward motion.

"(ii) One chain against the coil restricting it against rearward motion.

"(iii) One chain over the top of the coil restricting it against vertical motion.

"The same length of chain shall not be used to perform more than one of the above functions." (Emphasis added.) Ohio Adm. Code 4901: 2-5-26(E)(2).

In view of appellant's admission that he used but one chain to secure the coil, it is not necessary to rely upon any inference of negligence from the escape of the coil or from circumstantial evidence. The degree of care exercised as to the escaping coil was below the standard expressly required in the regulations for transportation by iron and steel carriers.

The question of whether such negligence was substantial as required by R.C. 2901.22(D) was submitted as a factual issue to the jury. The evidence was sufficient to permit reasonable minds to conclude that appellant's negligence was substantial and that the elements of vehicular homicide were proven beyond a reasonable doubt. Regardless of what caused appellant to leave the road and drop the coil, it was foreseeable that accidents might occur and that the load would fall off the truck if it was not carefully secured.

There is no merit to the second assignment of error.

The third assignment of error contains four branches. Branches "3A" and "3D" assert a failure to prove negligence and a failure to prove negligence beyond a reasonable doubt. For reasons previously stated, these two branches are denied. There was adequate, competent evidence to support the verdict of the jury. The verdict was not against the manifest weight of the evidence or contrary to law. It will not be disturbed on review. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366]; *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. * * *■

We find no error or abuse of discretion.

Assignment of Error "3B" is denied.

The vague and rambling nature of Assignment of Error "3C" creates difficulty in identifying to the specific objection to which it is directed. The only evidence to which an objection is raised here is the introduction of the PUCO regulation requiring three chains on each coil being transported. The regulations are the law in this state and are relevant and appropriate in determining the existence of negligence under R.C. 2903.07(A).

The reference in this assignment of error to a "presumption of civil negligence" is not shown to have a source in any action or instruction of the court. It is true that, in final argument, the prosecutor described the use of a single chain as negligence *per se.* There was no objection. The prosecutor did not explain his reference to negligence *per se,* nor did he mention any presumption. In the absence of an objection, any error in argument was waived.

It is difficult to ferret out the "circumstantial" evidence appellant claims was improperly admitted unless it be the fact that no broken chain was found at the scene. However, appellant's reliance upon the rule that circumstantial evidence alone must be irreconcilable with any theory of innocence has no application. The damaging evidence is direct, not circumstantial.

The state did assert and argue that there was no chain whatsoever on the rear coil that fell off. This was disputed. However, it was undisputed that there was an absence of three separate chains on each coil. Negligence under the regulations was not disputed. The critical issue was whether such negligence was a substantial lack of due care under the circumstances. As was indicated earlier, this was submitted to the jury and resolved by the verdict.

Assignment of Error "3C" is overruled.

For the foregoing reasons, we find that the judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., and KERNS, J., concur.

MCBRIDE, J., retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.